```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
STUART HOWARD GOLLINGER,                                               :
                                                                       :
                              Plaintiff,                               :
                                                                       :              23 Civ. 8561 (JPC)
              -v-                                                      :
                                                                       :                   ORDER
JP MORGAN CHASE BANK, N.A.,                                            :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff filed the Complaint in this action on September 28, 2023, Dkt. 1, and consented to electronic service of notices and documents in this case on October 11, 2023, Dkt. 2. Defendant filed a pre-motion letter in anticipation of a motion to dismiss on February 5, 2024. Dkt. 9. The Court ordered Plaintiff to respond to Defendant's letter by February 16, 2024, but no response was ever filed. Dkt. 10. On February 26, 2024, the Court scheduled a conference to discuss Defendant's pre-motion letter on April 3, 2024. Dkt. 11. Plaintiff failed to appear at this conference. The Court then issued two orders requiring Plaintiff to inform the Court whether he intended to proceed with this case and, if so, to show cause why this action should not be dismissed for failure to prosecute. The Court issued the first of these orders on April 4, 2024 and set a response deadline of April 17, 2024. Dkt. 12. This Order warned Plaintiff that the Court could dismiss this action for failure to prosecute if he failed to respond. *Id.* The Court issued the second order on April 18, 2024 and set a response deadline of April 25, 2024. Dkt. 13. This Order warned Plaintiff that the Court would dismiss this action for failure to prosecute if he once again failed to respond. *Id.* To date, Plaintiff has failed to respond to these orders or to otherwise take any action to further his case.

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a

court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court."). Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiff's case without prejudice. First, Plaintiff has ignored three of the Court's orders. *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders . . . and was put on notice that failure to comply could result in dismissal"). Second, the Court warned Plaintiff multiple times that failure to comply would result in the case being dismissed without prejudice. *See* Dkts. 12, 13. Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). "The delay here i[s] inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so." *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021). Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has

determined that dismissal is appropriate.  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (quotations and alteration omitted).  And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court granted Plaintiff an additional chance to comply with the Court's orders as a less drastic sanction than dismissal, even after multiple failures to comply with prior orders.  However, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Id.*

The Court therefore dismisses this case without prejudice.  The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

Dated: April 29, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge